On appellant's reconsideration filed August 23, reconsideration granted; order dismissing appeal withdrawn; appeal reinstated October 13, 1982

MEYER,
*Appellant,*

*v.*

JOSEPH et al,
*Respondents.*

(A8105-02927, CA A25247)

652 P2d 1

Gil Meyer, pro se, for the petition.

GILLETTE, J.

**GILLETTE, J.**

This is a declaratory judgment action brought in the Circuit Court for Multnomah County. The defendants include ten individual defendants who either are or were judges of this court. The ultimate issues in the case are not pertinent to this appeal. Plaintiff Meyer sought a preliminary ruling from the trial court answering certain questions. The trial judge refused, by order, to answer the questions. Meyer then filed a notice of appeal from that order in this court. On the basis of the face of the record, this court by letter and on its own motion dismissed the appeal as being from a nonappealable order. *See* ORS 19.010. Meyer has petitioned for review to the Supreme Court, which petition we treat as one for reconsideration. Rule 10.10, ORAP. We grant the petition for reconsideration and withdraw our order of dismissal.

This court should not have taken any action at all on Meyer's appeal, inasmuch as 9 of the 10 members of this court are parties to the case.[1] ORS 14.210 provides, in pertinent part:

"(1) A judicial officer shall not act as such in a court of which he is a member in any of the following cases:

"(a) When he is a party to or directly interested in the action, suit or proceeding;

"* * * * *"

However, acknowledging that we should not have acted does not answer the important question, *viz.*, what is to be done? We think the question has two parts: (1) what is to be done concerning this court's prior action on Meyer's appeal, and (2) who is to hear the appeal if we do not?

(1) It is clear that ORS 14.210(1)(a) is directed at judicial officers individually; it has no effect on a court's jurisdiction. Thus, Meyer's appeal was appropriately brought in this court and this court had the *jurisdiction* to deal with it; the present *individual* members should not have acted, however. The problem of the individual members having taken part in the case is best remedied by

---

[1] One defendant, Judge Roberts, is now a member of the Supreme Court. Judge Rossman is the only present member of this court who is not also a defendant in this case.

reversing our prior order and reinstating Meyer's appeal. It is so ordered.[2]

(2)  The issue of what is to be done next is more difficult but we think it, too, is resolvable. Meyer's appeal is presently before this court, but all but one member of this court is disqualified by reason of ORS 14.210(1)(a).

This court may, by statute, certify an appeal to the Supreme Court, ORS 19.210. The Chief Judge is proceeding immediately to accomplish that certification pursuant to statute.

Petition for reconsideration granted; order dismissing appeal withdrawn; appeal reinstated.

---

[2] We recognize that in so acting we are in further, technical violation of ORS 14.210(1)(a). We think, however, that this violation is justified because it restores the *status quo ante* and nullifies any prejudicial effect of our prior action.